IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES L. WALKER,

                         Plaintiff,

     v.

CINDY SCHALLER, DAVID HOPPERDIETZEL,
HEIDI HILL, DAVID THIEMKE, BRENT NORTON,
DEPUTY AVILA, and
JOHN AND JANE DOE OFFICERS,

                         Defendants.

ORDER

25-cv-571-jdp

---

Plaintiff Charles Walker, proceeding without counsel, alleges that Dane County deputies used excessive force against him and then humiliated him during a strip search. I granted Walker leave to proceed on Fourth Amendment claims against several named defendants and two unidentified John or Jane Doe defendants involved in the strip search. Dkt. 7. This order concerns Walker's repeated attempts at amending his complaint and other issues.

## A. Proposed amended complaints

Walker previously filed two amended complaints, Dkt. 23 and Dkt. 24, without explaining which claims or defendants he wished to change from his previous complaint. I gave him a deadline to respond with an explanation of his proposed changes. Dkt. 25. Walker did not respond as I asked. He instead filed another amended complaint, Dkt. 26. It remains unclear how he attempts to amend his claims. In particular, he now includes only defendant Deputy Avila as a named defendant despite including the other already-named defendants (Cindy Schaller, David Hopperdietzel, Heidi Hill, David Thiemke, and Brent Norton) in a list of potential John or Jane Doe defendants for his claims regarding the strip search.

Walker needs to provide clarity on his claims before they can proceed. I will give him a short time to respond to this order by explaining whether he continues to wish to sue defendants Schaller, Hopperdietzel, Hill, Thiemke, and Norton for their alleged excessive force or failure to intervene to stop that force. If he does not respond by this deadline, the case will proceed with the claims on which I have already screened and I will disregard his subsequent proposed amended complaints.

Walker also moves to name a new defendant, Dane County Circuit Court clerk Charlotte Teubert, whom Walker says retaliated against him in various ways, including by falsely giving the deputies a reason to arrest him, leading to the alleged excessive force. But Walker already brings a retaliation claim against Teubert in another pending case in this court. *See Walker v. Teubert*, No. 25-cv-908-jdp, 2026 WL 1662602 (W.D. Wis. June 9, 2026) (case is stayed pending state-court proceedings regarding a restraining order that Teubert sought against Walker). So there isn't any reason to allow Walker to include those claims in this case. I will deny his motion to add Teubert.

## B.  John and Jane Doe defendants

Another problem with Walker's claims is that he has still not properly identified the John and Jane Doe defendants involved in the strip search. Instead, he has submitted a "list of deputies in booking area and holding cell" and suggests that any of them might be liable for failing to intervene to stop the deprivation of his rights. It is implausible that each of the more than 30 deputies that he lists had a chance to intervene. And beyond that, he still doesn't name the officers who directly harmed him during the strip search. It is clear that Walker has obtained some discovery regarding jail personnel, but it appears that he has not obtained the type of information that would identify the officers directly involved, such as an incident report

from the events. Other filings of his suggest that he faced ordinance-violation charges concerning these events, so there should be other documents identifying the officers, such as a criminal complaint that he may already have in his possession without the need for discovery. I will give Walker a final chance to track down those materials—whether it be through discovery, public records requests, or a search of his own legal files—and inform the court who he wishes to name as the Doe defendants.

## C. Subpoena requests

Walker moves under Federal Rule of Civil Procedure 45 for issuance of subpoenas duces tecum to the Dane County clerk of court and a court reporter to obtain court transcripts and audio recordings of ordinance-violation proceedings against Walker following the incident in question. I will deny this request for multiple reasons. Walker has not filled out subpoena forms himself, which are available upon request to this court's clerk of court. Walker also asks to have all fees waived for his request, but the court cannot do this. Because Walker is proceeding in forma pauperis, I may have the United States Marshals serve his subpoenas, but I cannot waive any fees associated with preparing copies of the items that Walker seeks. Also, Walker suggests no reason that he cannot obtain these materials without subpoenaing them; he should first ask Dane County court personnel for the copies of the public records that he seeks, keeping in mind that he is not entitled to free copies of those materials.

## D. Expert disclosure

Walker seeks leave to submit his expert disclosure past his deadline. Dkt. 42. I will grant that request. Defendants remain free to object to that disclosure for reasons other than untimeliness.

**E. Schedule**

To accommodate the delays in ascertaining the identities of the defendants, the dispositive motions deadline is extended to October 15, 2026.

ORDER

IT IS ORDERED that:

1. Plaintiff may have until August 11, 2026, to respond to this order regarding his proposed amendments to the complaint and the identities of the Doe defendants, as discussed above.

2. Plaintiff's motion to add Charlotte Teubert as a defendant, Dkt. 28, is DENIED.

3. Plaintiff's motion for issuance of subpoenas, Dkt. 39, is DENIED.

4. Plaintiff's motion for leave to submit a late expert disclosure, Dkt. 42, is GRANTED.

5. The schedule is AMENDED as stated in the opinion above.

Entered July 21, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

4