IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHARLES L. WALKER,

Plaintiff,

v.

DEPUTY CINDY SCHALLER, *et al.*,

Defendants.

ORDER

25-cv-571-jdp

Plaintiff, representing himself, is proceeding against defendants on Fourth Amendment claims of excessive force and being humiliated with a strip search, accompanied by threats of the use of a taser. Dkt. 7 at 3. He alleges that he was slammed and choked during a January 2025 arrest, strip searched, and suffered "excruciating pain," despite telling the officers that he was disabled and unable to follow their instructions. Dkt. 5 at 8. He seeks compensatory and punitive damages, as well as fees and costs.

This order addresses the identification of the Doe defendants and defendants' motion to compel plaintiff to sign authorizations for the release of certain medical and Social Security Administration records.[1] Dkt. 57. The court attempted to hold a telephonic motion hearing on October 16, 2026, to discuss and rule on defendants' motion. Plaintiff did not appear during the 10 minutes that the court held the hearing open. So, the court issues this written

[1] Defendants also move for leave to file certain video exhibits under seal to ensure jail security. Dkt. 76. These exhibits depict plaintiff's transport through secure tunnels, hallways, and elevators at the Dane County Courthouse and Jail. The motion is GRANTED and Exhibits 6 to 22 attached to Patrick Shellenberger's affidavit at Dkts. 75-6 to 75-22 shall be maintained under seal.

order GRANTING defendants' motion in part, addressing the Does' identification and the case schedule, and ORDERING plaintiff to show cause for his absence at the hearing.

ANALYSIS

**A. Defendants' motion to compel, Dkt. 57.**

Defendants move for an order compelling plaintiff to sign two authorizations. The first is for the release of plaintiff's medical records, including his mental health records, and the second is for the release of records concerning plaintiff's Social Security disability benefits. Defendants argue that this information to relevant to plaintiff's claims, which are based on allegations of excessive force and pain and injury caused by that use of force. Defendants have limited these authorizations to the five years preceding the January 2025 incident through the present. Dkt. 59-4.

Plaintiff has repeatedly objected to signing the authorizations because he believes they are overbroad. In a letter, plaintiff indicated that his injuries included "physical or emotional injuries caused by the force used during my arrest, restraint, booking, and detention. Dkt. 59-2 at 1. He then stated via email that he wanted to limit disclosure to those records pertaining to his neck and knee from the past five years, and excluding his pre-existing "back, mental health, and all other unrelated medical history." Dkt. 59-3 at 1. He also objected to disclosing information about the amount and payment history of his Social Security benefits, stating that he was not seeking recovery of lost benefits. Dkt. 59-5 at 1, 3.

The court agrees with plaintiff with respect to two discreet points, discussed further below, but otherwise the information defendants seek is relevant, and signing authorizations to release it is not an overly burdensome task. *See* Fed. R. Civ. P. 26(b)(1) (scope of discovery

includes nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of case, considering whether the burden or expense of disclosure likely outweighs its benefit). Plaintiff has placed his physical health at issue, so defendants are entitled to discover information about his physical condition prior to the arrest, and a five-year look back is reasonable. For example, defendants are entitled to see whether defendant had preexisting health conditions that may provide an alternative explanation for any injury or pain. Plaintiff says that he has collected and will share the records that he believes are relevant, *see* Dkt. 59-5 at 4, but this is not sufficient because defendants have the right to do their own due diligence.

So, both plaintiff's medical records and his Social Security benefits records are generally discoverable with two exceptions. First, whether plaintiff receives Social Security benefits and in what amounts does not bear on whether excessive force was used or, if it was, the resulting injuries. Second, plaintiff's general reference to mental health in his objections suggests that he is claiming "garden variety" emotional distress, which would exempt his mental health records from disclosure. *McGlenn v. Madison Metro. Sch. Dist.*, Case No. 21-cv-683-jdp, 2024 WL 359107, at *1 (W.D. Wis. Jan. 31, 2024). "Garden variety" emotional distress is defined as "emotional distress within the range of what a healthy, well-adjusted person would feel as the result of defendants' conduct," and a plaintiff asserting this form of distress is limited to supporting that claim with only his or her own testimony (as opposed to expert testimony). *Id.* at *1.

Based on this analysis, the court ORDERS defendants to revise the authorization forms to exclude (1) Social Security financial benefits information and (2) mental health records. Defendants must send plaintiff revised authorization forms by **October 23, 2026**.

Upon receipt of the revised forms, plaintiff will have to make a choice. He will have one week to sign the authorizations, so no later than **October 30, 2026**. Or he can choose not to sign them, but deciding not to sign the forms may have negative consequences, including dismissal of his claims upon defendants' motion.

Also, if plaintiff intends to pursue emotional distress damages more specific than garden variety, he must alert defendants by **October 30, 2026**, who may then renew their request for his mental health records via a supplemental authorization form.

**B. The case schedule and summary judgment briefing**

The identification of the Doe defendants remains unsettled. *See* Dkt. 55. By this point, the summary judgment phase, plaintiff has had ample opportunity to use the discovery process to discover their identities. Indeed, defendants argue for the dismissal of the Doe defendants in their motion for summary judgment based on plaintiff's failure to identify them, but also provisionally identify the "Jane Doe" jail deputy as Deputy Megan Pelley-Yahn, and the male jail deputies who assisted Pelley-Yahn with plaintiff's booking and changeover at the jail. *See* Dkt. 65 at 16. Plaintiff is ORDERED to submit a letter to the court confirming the identity of the Doe defendants by **October 30, 2026**. If he does not take this final opportunity to identify the Doe defendants, the court may dismiss plaintiff's claims against them with prejudice and without further warning.

As for defendants' motion for summary judgment, plaintiff's response is due **November 16, 2026** and any reply in support is due by **November 30, 2026**.

**C. Order to show cause**

At the court's October 16 telephonic motion hearing, defense counsel reported that plaintiff had sat for a deposition the week before, indicating that he is still actively litigating

this case. Although plaintiff called the court the following Monday stating that he would file an apology, it is not yet clear why plaintiff did not appear at the motion hearing. The court will allow him an opportunity to explain his absence. He is ORDERED to file a letter to the court explaining his absence by **October 30, 2026**.

ORDER

IT IS ORDERED that:

1. Defendants' motion to compel, Dkt. 57, is GRANTED in part as follows:

    a. Defendants must send plaintiff revised authorization forms excluding plaintiff's mental health records and Social Security records concerning his benefits amount and payment schedule by October 23, 2026.

    b. If plaintiff chooses to sign the authorization forms, he must do so by October 30, 2026. If plaintiff chooses not to sign, he may face negative consequences, including the dismissal of his claims upon defendants' motion.

    c. If plaintiff intends to pursue emotional distress damages more specific than garden variety, he must alert defendants by October 30, 2026, who may then renew their request for his mental health records via a supplemental authorization form.

2. Plaintiff is ORDERED to submit a letter to the court confirming the identity of the Doe defendants by October 30, 2026. If he does not take this final opportunity to identify the Doe defendants, the court may dismiss plaintiff's claims against them with prejudice and without further warning.

3. Plaintiff's response to defendants' summary judgment motion is due by November 16, 2026, and any reply in support is due by November 30, 2026.

4. Plaintiff is ORDERED to file a letter to the court explaining his absence from the October 16, 2026 telephonic motion hearing by October 30, 2026.

5. Defendants' motion to seal, Dkt. 76, is GRANTED. Exhibits 6 to 22 attached to Patrick Shellenberger's affidavit at Dkts. 75-6 to 75-22 shall be maintained under seal.

Entered October 19, 2026.

BY THE COURT:

/s/

ANITA MARIE BOOR
Magistrate Judge